**TAO JIN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

No. 06–3531–ag.

United States Court of Appeals, Second Circuit.

Aug. 6, 2007.

386

Douglas B. Payne, New York, NY, for Petitioner.

Stephen J. Murphy, United States Attorney, Karen L. Reynolds, Assistant United States Attorney, Detroit, MI, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. JOSÉ A. CABRANES and Hon. B.D. PARKER, Circuit Judges.

Tao Jin, a native and citizen of the People's Republic of China, seeks review of a June 30, 2006, order of the BIA affirming the February 25, 2005, decision of Immigration Judge ("IJ") Barbara A. Nelson denying Jin's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tao Jin,* No. A76 101 586 (B.I.A. Jun. 30, 2006), *aff'g* No. A76 101 586 (Immig. Ct. N.Y. City Feb. 25, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338–40 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded). We review *de novo* questions of law, including what quantum of evidence will suffice to discharge an applicant's burden of proof. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

As a preliminary matter, we do not consider Jin's claim for relief under the CAT, because he has failed to argue the matter before this Court. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005).

When deciding a claim for asylum and related relief, the agency must first determine whether an applicant is credible, followed by whether the applicant has met his or her burden of proof. *See Diallo v. I.N.S.,* 232 F.3d 279, 290 (2d Cir.2000). Because the IJ found that Jin was credible, we assume his credibility. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271–72 (2d Cir.2005). Even when an applicant is credible, a failure to corroborate a claim may lead to a denial based on the insufficiency of the evidence, *see Diallo,* 232 F.3d at 287, but before denying an applicant's claim for want of corroborative evidence, the agency must first identify the particular pieces of missing, relevant evidence, and show that this evidence is reasonably available to the applicant. *See id.* at 289–90; *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 153 (2d Cir.2003). Moreover, when assessing an applicant's claims for relief, an IJ has an obligation to consider the entire record. *See Jorge–Tzoc v. Gonzales,* 435 F.3d 146, 150 (2d Cir.2006). However, we do not require an IJ to provide a detailed analysis of insignificant pieces of evidence, and presume that an IJ has taken into account all of the evidence before her, unless the record compellingly suggests otherwise. *See Xiao Ji Chen,* 471 F.3d at 338 n. 17. Furthermore, the weight afforded to an applicant's evidence in immigration proceedings lies largely within the discretion of the IJ. *See Xiao Ji Chen,* 471 F.3d at 342.

■ The IJ improperly found that "[Jin] offered little besides his testimony to corroborate his incarceration," because she did not identify what evidence of his incarceration she expected, or explain why such evidence was reasonably available to Jin. *See Diallo,* 232 F.3d at 289–90; *Jin Shui Qiu,* 329 F.3d at 153. Because the agency has "no leeway" to deny an application for asylum without first identifying the specific pieces of relevant evidence and showing why they are reasonably available, the IJ's reasoning is deficient. *See Jin Shui Qiu,* 329 F.3d at 153.

■ Moreover, the IJ did not consider the document Jin submitted from Shen Yang Hardware and Machine Manufacturer, which indicates that he was fired from his job because he "joined in the riotous activities of the June Fourth [*sic* ], violated the national law and had been arrested." On its face, this document was material evidence of Jin's claim, as it indicates that he participated in the democracy movement and was arrested and fired as a result of that activity. The IJ also failed to address a letter from Jin's sister, which asserted that Public Security Bureau personnel came to her home and threatened her family because of Jin's continuing political activities. The letter also asserted that Jin was threatened with imprisonment for ten years if he did not cease his activities. If authentic, this letter would also be material, as it provides *prima facie* evidence that the Chinese government is aware of Jin's political activities in the United States.

■ While we will presume that an IJ has taken into account all the evidence before her unless the record compellingly suggests otherwise, *see Xiao Ji Chen,* 471 F.3d at 338 n. 17, here, the IJ did not mention either of these plainly material documents anywhere in her decision. Because an IJ is obligated to consider the entire record when evaluating an asylum claim, *see Jorge–Tzoc,* 435 F.3d at 150, her failure to do so here was error.

■ Similarly, in finding that Jin failed to "corroborate ... key parts of his claim, such as evidence of his alleged political activities," the IJ failed to consider the photos of Jin actively protesting against the Chinese government. Since the IJ found that these photographs merited "some weight," it is unclear why she found that Jin failed to corroborate his political activities. While the IJ is correct in finding that these photographs do not establish his membership or activity in the Chinese Democracy and Justice Movement, they do show him engaging in political activities. Accordingly, the IJ's failure to consider these photographs as evidence of his political activity was error. *See Jorge–Tzoc,* 435 F.3d at 150; *Tian–Yong Chen,* 359 F.3d at 128–29.

■ Although the IJ and the BIA properly applied our holding in *Diallo* to find that Jin failed to submit two documents, remand would not be futile in this case because we cannot confidently predict that the agency would come to the same conclusion absent the errors we have identified. *Cf. Xiao Ji Chen,* 471 F.3d at 335. The agency's failure to consider material evidence in the record warrants remand of this case.

For the foregoing reasons, the petition for review is GRANTED and the case is remanded for further proceedings consistent with this order. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).